David J. McGlothlin, Esq. (SBN: 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN: 032001)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Consuelo Salazar, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Thunderbird Collection Specialists, Inc.,<br><br>Defendant. | Case No:<br><br>**Complaint For Damages For Violations of the Fair Debt Collection Practices Act**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

Plaintiff, CONSUELO SALAZAR ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.  Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of THUNDERBIRD COLLECTION SPECIALISTS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff's employer regarding Plaintiff's alleged debt in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

4.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6.  Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**JURISDICTION & VENUE**

8.  Venue is proper because Plaintiff resides within the City of Phoenix, County of Maricopa, and the State of Arizona.

9.  Venue is also proper because Defendant is a business that regularly engages in business within this Judicial District and the conduct giving rise to Plaintiff's claims occurred within this Judicial District.

**PARTIES**

10.  Plaintiff is a natural person residing in State of Arizona, and is a

"consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

11. At all relevant times herein, Defendant was a debt collection agency engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

12. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

14. Sometime before January 14, 2020 Plaintiff allegedly incurred certain financial obligations to a creditor.

15. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

16. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.

17. Subsequently, but sometime prior to January 14, 2020, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

18. On or about January 14, 2020, Defendant sent a collection letter to Plaintiff's employer titled "Employment Verification".

19. The January 14, 2020 letter included Plaintiff's social security number and a request for the number of hours Plaintiff worked a week, Plaintiff's current address, and Plaintiff's current statutory agent.

20. In the January 14, 2020 letter, Defendant clearly lists Defendant's name and address at the top of the page on its letterhead.

21. It was obvious from the substance of the letter that Defendant's January 14, 2020 letter was from a debt collector.

22. Even if it was not obvious, a simple google search would have uncovered the fact that Defendant is a debt collector.

23. The substance of the January 14, 2020 letter clearly indicated to Plaintiff's employer that Plaintiff owed a debt and Defendant was attempting to obtain information from Plaintiff's employer in order to collect the debt from Plaintiff.

24. It was clear from Defendant's January 14, 2020 letter that Defendant was attempting to intimidate and embarrass Plaintiff by contacting Plaintiff's employer.

25. The least sophisticated debtor would certainly believe that Defendant was attempting to collect from Plaintiff by sending this January 14, 2020 letter to Plaintiff's employer.

26. The least sophisticated debtor would believe that Defendant has disclosed the fact the Plaintiff owes a debt to Defendant to Plaintiff's employer based on Defendant's January 14, 2020 letter.

27. By attempting to contact Plaintiff's employer regarding Plaintiff's debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

28. By attempting to contact Plaintiff's employer about Plaintiff's alleged debt with a letter disguised as an "Employment Verification", Defendant sent false, deceptive, or misleading representation regarding the amount owed on the alleged debt, in violation of 15 U.S.C. § 1692d, 1692e, 1692e(2), and 1692e(10).

29. By disclosing Plaintiff's alleged debt to an unauthorized third party, Defendant violated 15 U.S.C. § 1692c(b).

30. As a result of Defendants' conduct set forth above, Plaintiffs suffered emotional damages in the form of mental anguish and emotional distress type

damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## Class Action Allegations

31. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

32. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons with addresses within the United States to whom Defendant has sent a debt collection communication to the persons' employers within one year before the filing of this Complaint which contains language substantially similar to the correspondence that Plaintiff's employer received from Defendant.

33. Defendant and its employees or agents are excluded from the Class.

34. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds or thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant's letter violated the FDCPA;

   b. Whether members of the Class are entitled to the remedies under

      the FDCPA;

      c.    Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA; and

      d.    Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA.

37. As a person whose employer received at least one written communication from Defendant in violation of the FDCPA, Plaintiff is asserting claims that are typical of the Class.

38. Plaintiff will fairly and adequately protect the interests of the Class.

39. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

40. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

43. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

44. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §1692 et seq.

45. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiff and the class are entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and the class the following relief against Defendant:

## COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

1. That this action be certified as a class action on behalf of the Classes as requested herein;
2. That Plaintiff be appointed as representative of the Classes;
3. That Plaintiff's counsel be appointed as counsel for the Classes;
4. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiff and each putative class member;
5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;

     6. Interest, punitive damages, and any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                                             Respectfully submitted,

                                                **KAZEROUNI LAW GROUP**

Date: March 31, 2020                           By: */s/* Ryan L. McBride
                                                        Ryan L. McBride, Esq.
                                                        Attorney for Plaintiff